11th Court of Appeals
Eastland, Texas
Opinion
 
George Gonzalez Garcia
            Appellant
Vs.                  No. 11-03-00308-CR -- Appeal from Scurry County
State of Texas
            Appellee
 
            This is an appeal pursuant to TEX. CODE CRIM. PRO. ANN. art. 64.05 (Vernon Pamph.
Supp. 2004) from the trial court’s denial of a postconviction motion for DNA testing. We affirm.
            George Gonzalez Garcia was originally convicted of aggravated sexual assault. Pursuant to
a plea bargain agreement, punishment was assessed at confinement for 15 years.
            Appellant’s court-appointed counsel has filed a brief in which she states that, after a thorough
and professional examination of the record, there are insufficient grounds to sustain this appeal.
Following the procedures outlined in Anders v. California, 386 U.S. 738 (1967), and Gainous v.
State, 436 S.W.2d 137 (Tex.Cr.App.1969), counsel has briefed one arguable point of error. 
            Counsel contends in the point of error that the trial court erred in denying appellant’s motion
for DNA testing. TEX. CODE CRIM. PRO. ANN. art. 64.01 (Vernon Pamph. Supp. 2004) provides 
that a convicted defendant may request DNA testing when the evidence had not previously been
subjected to testing or when previously tested evidence could not be tested with newer techniques
that would provide a reasonable likelihood for more accurate and probative results than the prior test. 
In this case, however, the record reflects that there was no evidence that was subjected to DNA
testing. The trial court did not err in denying the motion. The point is overruled.
            Counsel raises but does not brief two more points of error: that the trial court erred by failing
to hold an evidentiary hearing and that appellant was denied the effective assistance of counsel. In
Rivera v. State, 89 S.W.3d 55, 58 (Tex.Cr.App.2002), the Court of Criminal Appeals held that
“[n]othing” in the applicable statute requires the trial court to conduct a hearing on a motion for
postconviction DNA testing. A review of the record before this court does not reflect that appellant
was denied effective assistance of counsel during his claim for DNA testing. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Stafford
v. State, 813 S.W.2d 503 (Tex.Cr.App.1991). These points are overruled.
            Counsel has furnished appellant with a copy of the brief and advised appellant of his right
to review the record and file a pro se brief. A pro se brief has not been filed. Counsel has complied
with the procedures outlined in Anders v. California, supra; Stafford v. State, supra; High v. State,
573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and
Gainous v. State, supra.
            Following the procedures outlined in Anders, we have independently reviewed the record. 
We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                                PER CURIAM
 
April 8, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.